MARY P. TAGGART, Respondent, *v.* MARY G. ROGERS *et al.*, Appellants.

*N. Y. Supreme Court, Second Department, General Term, May* 18, 1889.

*Mortgage. New trial.*—An inchoate doweress, who did not join with her husband in the execution of a mortgage, but was made a defendant in an action to foreclose it, without being served with a summons therein, if she can maintain an action to redeem against a *bona fide* purchaser in possession of the property, can redeem only on just terms; and, where there is no proof whatever from which it can be determined what shall be the just terms of redemption, a new trial should be granted for the purpose of supplying this defect in the evidence.

Plaintiff's husband, who was the owner in fee of house and lot, executed a mortgage thereon, and the mortgagee, on default in the payment of interest, commenced an action of foreclosure, making the plaintiff a party defendant, but did not serve her with the summons or complaint. Judgment·of foreclosure was rendered, the property sold and bid in by the defendant Wade, who subsequently conveyed to the defendant, Mary G. Rogers. Plaintiff demanded possession of the premises, and an accounting, and tendered and offered to pay what should be ascertained to be due, on

such accounting, of principal and interest of said mortgage. The defendant refused to do this, and plaintiff thereupon brought this action and recovered judgment, from which defendant appeals.

*Martin & Smith*, for defendant and appellant, Mary G. Rogers.

*Billings & Cardozo*, for defendants and appellants, John B. and George Wade.

*Franklin & Clifford* and *S. Bartlett*, for respondent, Mary P. Taggart.

BARNARD, P. J.—The reargument in this case was ordered because the judgment did not provide for the repairs and improvements made by Mrs. Rogers and for interest paid by her on a prior mortgage, and for moneys paid for insurance.

A further examination of the case suggests great doubt as to the accuracy of the judgment, in principle. The plaintiff has only an inchoate right of dower. She united with her husband in the execution of the mortgage, and was not served with the summons in the foreclosure action.

The plaintiff is a *bona fide* purchaser, and she and her predecessor in title have been in possession of the property since 1877. The case was tried, it appears, upon the theory that the plaintiff had no standing in her husband's life-time to bring an action to redeem. The husband was cut off by the foreclosure proceedings, and the case seems to stand as if he had given a deed, and his wife had not joined in it. There is no proof whatever from which it can be determined what shall be the just terms of redemption if the action to redeem is one which the inchoate doweress can maintain.

For the purpose of supplying this defect, there should be a new trial, with costs to abide the event.

PRATT, J., concurs; DYKMAN, J., not sitting.